CLAGUE vs. TOWNSEND & AL.

The vendee is bound by the contract of lease made by his vendor.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court.   This suit is brought for the recovery of a quarter's rent, of property leased to the defendants as set forth in the plaintiff's petition, and which became due on the 1st of July, 1822.   The lease seems to have been executed by W. Kenner & Co. on the 22d of May, 1819 last, at which time the property rented belonged to said firm; and was effected by the agency of R. Clague, who is stated in the act to be a co-partner. The rent, therein stipulated to be paid by the defendants, is at the

East'n District.
*May*, 1823.

CLAGUE
*vs.*
TOWNSEND &
AL.

rate of $2000 per annum. On the 10th day of April, in the year 1822, according to the allegation of the petition, and according to the date as given in the act of sale, in reference to the year of the Independence of the United States, but according to the date given by the Christian, in the year 1820, William Kenner sold to the plaintiff, all his interest in, and title to one undivided half of the premises, for which rent is claimed in the present action, by means of which sale the latter became sole proprietor, and as such, sues on the contract of lease made between the firm of Wm. Kenner & Co. and the defendants, for the full amount of rent due for one quarter, at the rate of $2000 per annum. being $500.

The defendants resist the payment of the whole amount thus claimed, on the ground that by a subsequent agreement between the parties to the written and authentic act of lease, the leasers contracted to reduce the rent for the year 1822, to $1650 per anumn instead of the $2000 formerly stipulated, and on this last contract they offer to pay $412 50 cts. and tender to the plaintiff that amount.

The only evidence offered in support of the latter agreement to reduce the rent, is found

East'n District.
*May*, 1823.

CLAGUE
*vs.*
TOWNSEND &
AL.

in an account current, as stated between the firm of Wm. Kenner & Co. and the defendants, signed by the former; in which they are credited for a quarter's rent which became due on the 1st of April 1822, at the rate of $1650 per annum; and this document was excepted to by the plaintiff's counsel, as being inadmissible, without first proving the verbal agreement by which the rent is said to have been reduced from $2000 to $1650, and as being contrary to the written evidence contained in the original case.

Before entering on the merits of the case as disclosed by the evidence, it is necessary to dispose of this bill of exceptions. It is an established rule that when parties to a contract reduce it to writing, no oral testimony will be received to alter or impair the obligations imposed on them by their written agreements. But it is the uniform practice of courts of justice to receive testimonial proof of the performance, and consequent discharge from obligations thus created. Such is proof of payment by the promisor, when money is the object of the contract, or the performance of any other promise or stipulation. So, perhaps, oral testimony would be admissible to prove

East'n District.
May, 1823.

CLAGUE
vs.
TOWNSEND &
AL.

that a payee received part as a compensation for the whole sum promised; but certainly a written receipt, expressed in terms acknowledging that part was accepted in compensation and acquittance of the whole, would conclude the obligee from recovering on the original contract. The account offered in evidence, and signed by the promisors of the original contract of lease, amounts to an acknowledgement on their part, that they did receive $412 50, in full for the rent from the first of January to the first of April, and no arrearages could be recovered for that quarter. But it goes further, and states an agreement that the whole rent for the year 1822, should be $1650, which by the settlement of that account seems to have been understood and acquiesced in by all parties to it.

As to the objection to receiving the account in evidence, without first proving the verbal agreement to lessen the rent, we would only observe, that being written evidence of that contract, it is better than oral proof, which perhaps could not be received, and assuredly when higher evidence is given inferior, cannot be required to establish the same fact.

We are therefore of opinion that the court

CLAGUE
vs.
TOWNSEND &
AL.

below did not err by receiving it in evidence. In coming to this conclusion on the bill of exceptions, we have said so much in relation to the weight of evidence contained in the settlement of accounts by Wm. Kenner & Co. with the defendants, that it only remains to state that in our opinion it amounts to a new agreement, and that too evidenced by writing between the contracting parties to the lease, to take $1650 instead of $2000 for the year 1822.

A question still remains, to ascertain whether this subsequent contract is binding on the plaintiff and appellant. In solving this difficulty, we assume as true that the contract of sale between Wm. Kenner and Clague, did not take place until the 10th of April, 1822. The latter, therefore, holds the property subject to its situation at that period: he can claim no other rights in it than belonged at that time to Wm. Kenner & Co.; one of these was a lease at the rate of $1650 for the year 1822, as reduced by contract from $2000, according to the agreement which is evidenced by the account, stated and settled on the 10th of March of the same year. The fact assumed as to the sale between the partners of the house of Wm. Kenner & Co. is taken on the allega-

tion of the petition and corresponding date by reference to the year of American independence, believing that 1820 is a mistake of date, which has crept into the record by some accident in copying.

It is the opinion of this court that there is no error in the judgment of the district court, and it is therefore ordered, adjudged and decreed, that said judgment be affirmed with costs.

*Grymes* for the plaintiff, *Preston* for the defendants.